UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LENORE PRISCHMANN,                                   No. 07-10804

Debtor(s).
_____/

Memorandum After Final Stay Relief Hearing
_____

Debtor Lenore Prischmann is well know to the court, having filed four previous bankruptcy case in the last eight years.  She filed the Chapter 13 petition commencing this case on September 3, 2007.

As is typical in her cases, her proposed plan is not anywhere near confirmable.  It calls for payments of $100 per month, with no payments to be made on her residential mortgage holders.  She proposes to sell her home and pay them and her other creditors from the proceeds.  She is in no hurry though, having waited until a month after filing to even list the property for sale.  In essence, Prischman wants to rent the automatic stay for $100 per month until she no longer needs it, when she will dismiss the case.

Creditor West Coast Financial, Inc., holds the second on Prischmann's home.  It is all due now, and Prischmann is making no payments to it or senior lienholders.  West Coast filed a motion for relief from the automatic stay on July 25 and it came on for hearing on August 9, 2007.

At the hearing, the court found cause to lift the stay based on Prischmann's deficient plan, lack of postpetition payments, and her prior cases.  However, the court was inclined to give Prischmann a brief time to pull a rabbit out of a hat and save her home, suggesting relief in 60 days unless she obtained confirmation of a plan by then.  Counsel for West Coast objected, stating that he could prove that there was no equity in Prischmann's home, making any delay pointless.  The court gave West Coast a choice: it could either accept relief in 60 days or the court would set an evidentiary hearing in 30 days, in accordance with its rights under

1

the Bankruptcy Code. West Coast chose the latter, and a final hearing was set for September 13, 2007.

What then followed was one of the court's more bizarre hearings. For some strange reason, after insisting on a prompt (and expensive) final hearing, West Coast stipulated to continue it to October 2, 2007, which was 54 days from August 9.

The hearing itself was something out of the Twilight Zone. Prischmann produced no competent evidence of any equity in her home, but her attorney decided to do a Perry Mason cross-examination of West Coast's well-qualified and competent appraiser as if he thought the motion would be denied if only he could poke holes in the appraisal. Prischmann sat behind her counsel, making faces at the court over his shoulder whenever the court said anything with which she did not agree.

In the end, the court granted relief because the only proper evidence showed no equity in the home. However, the court elected not to waive the 10-day stay, thereby giving her 64 days of relief instead of the 60 the court had offered West Coast. The court reiterates that relief was granted due to Prischmann's absurd plan, her lack of postpetition payments to her secured creditors, her minuscule Chapter 13 payments, and her prior cases. Equity was never a major issue in the case.

Counsel for West Coast shall submit an appropriate form of order. The court makes no determination at this time as to whether West Coast's attorneys' fees and expenses related to the final hearing were necessary and therefore may be properly added to Prischmann's obligation.

Dated: October 3, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

2